UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LYMON HENSON,

        Petitioner,        2:12-cv-1353-AA

        v.                      ORDER

MARK NOOTH,

        Respondent.

AIKEN, District Judge.

    On August 5, 2001, a pickup truck occupied by petitioner and his friend Austin Clary collided with an oncoming vehicle. The driver of the other vehicle and her passenger were both injured. Plaintiff was also injured. Clary was ejected from petitioner's vehicle and died. When petitioner was taken to the hospital, a blood test revealed that his blood alcohol content was .096.

    Petitioner was charged with manslaughter in the first degree, two counts of assault in the second degree, driving

1 - ORDER

under the influence of intoxicants, reckless driving and three counts of reckless endangerment. Petitioner failed to appear for a court hearing and was ultimately arrested approximately two years later. In a separate indictment, petitioner was charged with failure to appear in the first degree. All the charges were tried together to a jury.

During the jury selection, one of the prospective jurors, John Delay, stated that his wife had been the first person at the scene of the accident and had spoken to petitioner. He also revealed that his wife had discussed with him what she had seen with him and had written to petitioner when he was in the hospital.[1]

The court and the parties established that Delay's wife was not going to be called as a witness, and Mr. Delay stated that he could be fair and impartial. Neither party asked that Mr. Delay be removed for cause and neither used a peremptory challenge to exclude him, and he was selected as one of the 12 jurors for petitioner's trial.

Petitioner's theory of defense was that he was not

---

[1]
It was subsequently determined that Mrs. Delay told petitioner that the event had been upsetting for her and that she "was pretty much a basket case after seeing [Clary]." She also expressed to petitioner that she believed he was the one who was driving.

driving the vehicle, but if the jury found that he was the driver, he had not been driving recklessly. Petitioner did not testify at trial, but offered testimony from an accident reconstruction expert who opined that the evidence was inconclusive as to whether petitioner or Clary had been the driver.

The jury heard testimony that petitioner had admitted to at least two people at the scene that he was the driver and Clary was the passenger. Petitioner also told people that he was the passenger, although at least one witness recalled petitioner saying that after he learned that Clary was dead.

The jury found petitioner guilty on all counts, and the court sentenced petitioner to 120 months of imprisonment on the manslaughter conviction, two 70-month prison terms on the Assault convictions, and 11 months of imprisonment on the Failure to Appear conviction. *Id*. The trial court ordered that all of the sentences be served consecutively, resulting in a total sentence of 271 months of imprisonment.

Petitioner directly appealed his convictions and sentence, but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibit 105 - 109.

Petitioner then filed a petition for post-conviction relief but the Malheur County Circuit Court denied relief, the

Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibits 129 - 133.

Petitioner filed a *pro se* petition for habeas corpus relief under 28 U.S.C. § 2254 alleging four Grounds for relief. Petition (#1), p. 6-7.

Respondent moves to deny relief and dismiss this proceeding on various grounds. Response(#9) p. 1-2.

As noted above, petitioner's *pro se* petition alleges four grounds for relief. However, after petitioner filed his petition, the Federal Public Defender was appointed to represent petitioner and filed a Brief in Support of Petition. (#83). The Brief in Support only contains argument regarding a claim alleged as follows:

> Mr Henson received ineffective assistance from retained counsel who failed to challenge a juror for cause and eschewed the opportunity to meaningfully interview that juror, whose wife was the first witness at the accident and subsequently corresponded with Mr. Henson concluding, prior to trial, that he was guilty.

Brief in Support (#83) p. 16.

Counsel has not advance any evidence or argument in support of petitioner's other grounds for relief [Grounds One, Three and Four]. Therefore, those claims are properly deemed waived and/or abandoned. See, Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), *cert. denied* 2007 US LEXIS 8289 (U.S. June 25, 2007) [claims waived where there is no attempt to prove

them]; see also, Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) [claims deemed abandoned where petitioner made no argument regarding them in his brief]; see also, Silva v. Woodford, 279 F.3d 825, 835 (9th Cir. 2002) (recognizing that a habeas petitioner has the burden of proof).

Respondent argues that this court should not consider "the one argued claim or allegation of ineffective assistance of trial counsel (because) it is not contained in the petition." Reply to Petitioner's Brief (#88) p. 2. "Although the petition includes a claim that petitioner was denied his '6th Amendment *** right to impartial jury' based on DeLay's participation on the jury, it does not contain a claim that *trial counsel* provided constitutionally ineffective assistance by not using a 'for cause' challenge against DeLay's seating on the jury." Id.

Respondent's argument in this regard is well taken. The claim argued in petitioner's (counseled) Brief in Support (#83) is not the same claim as the claim alleged in petitioner's *pro se* petition as Ground Two as follows:

> Ground Two: 6th Amendment. Denied right to impartial jury.
> Supporting Facts: This was not transcribed in original text, after ordering CD transcripts from Coos County the following was revealed: John Delay was on petitioner's jury panel, John Delay tried to tell the judge about his wife being the first to me at the scene but the judge stopped him. Venna Delay wrote me letters years prior with all of her opinions, but she never signed her last name, but

5 - ORDER

> we found that John Delay and Venna Delay are married. John Delay was juror.

Petition (#1) p. 6.

Rules 2© of the Rules Governing § 2254 Cases requires, among other things, that a petition for writ of habeas corpus "specify all the grounds that are available to the petitioner[,] and "the facts supporting each ground[.]" Respondent argues that because petitioner failed to allege in his habeas petition the ground or claim upon which he seeks relief, he is not entitled to relief. *See*, <u>Green v. Henry</u>, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002) (claims not raised in the petition need not be considered); *see also*, <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 506 (9th Cir. 1994) ("traverse is not the proper pleading to raise additional grounds for relief. In order for the State to be properly advised of additional claims, they should be presented in an amended petition[.]").

This situation illustrates the reason that the court requests that counsel appointed to represent *pro se* petitioners file an amended petition after being appointed.

In the past this court has ordered Federal Public Defenders to file amended petitions after their appointment. They have resisted such orders. This case is a good example of why the practice.

An additional reason that filing an amended petition is appropriate is that it avoids the wasted effort of requiring

6 - ORDER

the respondent to respond to claims alleged in the *pro se* petition that counsel does not intend to pursue. Amending the petition to eliminate such claims would result in a more efficient use of resources.[2]

In this case, however, the failure to properly present the ineffective assistance of counsel claim is immaterial, because that claim is procedurally defaulted.

In petitioner's Formal Petition for Post-Conviction Relief, petitioner alleged a claim that trial counsel provided constitutionally ineffective assistance of counsel by "fail[ing] to excuse juror John Delay from deliberating in petitioner's trial," Resp. Ex. 111, pp. 2-3, which corresponds to the claim petitioner argues in his Brief in Support. However, on appeal from the PCR trial court judgment, petitioner did not pursue that claim. Rather, he argued that he was "denied his state and federal constitutional right to an impartial jury." Resp. Ex. 129, Appellant's Opening Brief PCR Appeal, pp. 3, 15-20. The argument on that claim contained no mention of trial counsel's alleged ineffectiveness in failing to object to John Delay's participation on the jury.

Petitioner acknowledged in his PCR appeal brief "that the

---

[2] The elimination of meritless claims is one of the arguments advanced by the Federal Public Defender in urging the court to appoint counsel to represent pro se petitioners.

7 - ORDER

argument he makes on appeal is slightly different from the argument outlined in his petition. Petitioner's argument on appeal is that he was denied his constitutional right to an impartial jury. The success of petitioner's argument on appeal is not dependent on the actions of his trial counsel. *Thus, insofar as the claim in his petition relates to trial counsel's ineffectiveness or inadequacy, petitioner is not making that claim on appeal.*" Resp. Ex. 129, p. 16. (emphasis added).

Thus, petitioner specifically and explicitedly did not advance an ineffective assistance of counsel claim on PCR appeal, and did not make any reference to ineffective assistance of counsel in his petition for review to the Oregon Supreme Court.

Because petitioner did not fairly present the claim he now argues in his Brief in Support to the Oregon Supreme Court, and can no longer do so, the claim is procedurally defaulted. *See*, <u>Sullivan v. Boerkel</u>, 526 U.S. 838, 848 (1999).

Counsel's Brief in Support includes some argument that can be construed as argument in support of the claim alleged as Ground Two in petitioner's *pro se* petition and presented in petitioner's PCR appeal (ie. denial of 6th Amendment right to an impartial jury). However, that claim is also procedurally defaulted for the following reasons.

In his Formal Petition for Post-Conviction relief, petitioner alleged five claims of ineffective assistance of trial counsel including a claim that trial counsel was ineffective for failing to excuse Mr. Delay

On appeal from the PCR trial court judgment, petitioner raised two claims of error. In his first claim he alleged a claim that trial counsel was ineffective for not calling a physician who treated petitioner after the crash. Resp. Ex. 129, pp. 2-3. In his second claim, as discussed above, petitioner alleged a denial of his "state and federal constitutional rights to an impartial jury" based on the fact that one of the jurors in his trial was married to a woman who was at the crash scene and wrote petitioner some letters after the crash. *Id.* pp. 3-4.

In Oregon, a claim of trial court error (such as the claim that petitioner was denied his right to an impartial jury) is the type of claim that petitioner was required to raise at trial or on direct appeal. *See,* Palmer v. State of Oregon, 318 Or. 352, 356-58 (1994)(PCR petitioners generally may not raise claims in PCR proceedings that could have been raised during the underlying criminal proceeding and direct appeal, unless they assert that the failure to raise the claim constituted inadequate assistance of counsel); Bowen v. Johnson, 166 Or. App. 89, 93, (2000) (same).

9 - ORDER

Petitioner did not make any "impartial jury" claim at trial, nor did he raise the issue on direct appeal. Resp. Ex. 105. Therefore, he did not present the impartial jury claim to "the appropriate state courts . . . in the manner required by the state courts, thereby affording the state courts a meaningful opportunity to consider the allegations of legal error. Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004) *citing* Vasquez v. Hillery, 474 U.S. 254, 257 (1986).

Even if petitioner's impartial jury claim was the type of claim that could have been properly raised in a PCR proceeding, it was not alleged in the Formal PCR Petition; it was first raised in the *appeal* of the PCR trial court judgment. Therefore it was not raised in a procedural context in which the merits of the claim would be considered. *See*, Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984); Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

The result in this case disturbs me. The facts of of record indicate possibly meritorious claims of ineffective assistance of counsel and the denial of the 6th Amendment right to an impartial jury. Unfortunately for petitioner, his attorneys throughout the proceedings plead the claims and/or switched arguments in such a way that neither claim was

exhausted and both are now procedurally defaulted. Petitioner has not established any cause and prejudice for his procedural default[3] or established entitlement to the fundamental miscarriage of justice exception to the exhaustion requirement.

Petitioner's Petition (#1) is denied. The Clerk is directed to enter a judgment dismissing this proceeding.

IT IS SO ORDERED.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability is allowed.*

DATED this 23rd day of September, 2015

                                Ann Aiken
                                United States District Judge

---

[3] The Martinez v. Ryan, 132 S.Ct. 1309 (2012) exception has not been held to apply to ineffective assistance of post-conviction counsel.

11 - ORDER